**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2842-20

KIMBERLY RADZEWICK,

     Plaintiff-Respondent,

v.

MHM WINDSOR, LLC, and
JAMIE BENITEZ, d/b/a JIMMY'S
PAINTING,

     Defendants-Respondents,

and

WIZARDS CAR DETAILING,
LLC, FIVE STAR DETAILING,
LLC, ERIC RIVERO, individually
and d/b/a WIZARDS CAR
DETAILING, LLC, and/or FIVE
STAR DETAILING, LLC,

     Defendants.

_____

JAMIE BENITEZ, d/b/a JIMMY'S
PAINTING, improperly named as
JIMMY' PAINTING,

     Defendant/Third-Party

Plaintiff,

v.

SHERWIN-WILLIAMS COMPANY,
SHERWIN-WILLIAMS STORES,
SHERWIN-WILLIAMS PAINTS,
PAINTS STORES GROUP, and
SHERWIN WILLIAMS PAINT
STORE,

      Third-Party Defendants-
      Appellants.
_____

Argued December 2, 2021 – Decided August 1, 2022

Before Judges Haas, Mitterhoff, and Alvarez.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-1254-17.

Ryan T. Winkler (Tucker Ellis, LLP) of the Ohio bar, admitted pro hac vice argued the cause for the appellants (Campbell Conroy & O'Neil, PC, attorneys; Ryan T. Winkler and Meaghann C. Porth, on the brief).

Andrew S. Blumer argued the cause for respondent Kimberly Radzewick.

PER CURIAM

In this slip and fall case, defendant Sherwin-Williams appeals the Law Division's April 15, 2021 order denying its motion to dismiss plaintiff's third

amended complaint. We affirm, although for slightly different reasons than the motion judge.

We discern the following facts from the record. Plaintiff worked at the MHM Windsor Nissan car dealership in East Windsor, New Jersey. On June 2, 2015, she slipped and fell while walking through an area of the service department. At the time she fell, an independent contractor, defendant Jaime Benitez, doing business as Jimmy's Painting, was painting the floor using a product made by defendant Sherwin-Williams. The product allegedly created wet and slippery conditions that caused plaintiff to fall and sustain severe and permanent injuries.

On June 1, 2017, plaintiff filed suit against Windsor Nissan, Wizards Car Detailing (a vehicle detailing company that operated in or around the service department), and Jimmy's Painting, claiming that defendants violated the duty of care owed to her "to conduct reasonable inspections of the premises and reasonable inspection of usage of products at the premises, and to make sure no hazardous conditions existed on the premises." She also filed claims against fictitious parties involved in the manufacturing of the product used on the floor because she did not know the identity of the manufacturer.

A-2842-20

Pre-suit, plaintiff attempted to identify other potentially liable parties. She requested information from the named defendants, who ignored plaintiff's requests. After filing suit, plaintiff again attempted to learn the identity of other responsible parties. Benitez, who purchased the product he used to paint the floor, in October 2018, answered Form C Interrogatory 7, which required disclosure of any contention that plaintiff's "damages were caused or contributed to by the negligence of any other person." His sworn answer was "None." Benitez never amended his response.

Plaintiff first learned of Sherwin-Williams' identity on July 12, 2019, when Benitez appeared at his deposition with previously undisclosed documents identifying Sherwin-Williams as the manufacturer of the paint used on the floor. Benitez explained that, after accepting the job at Windsor Nissan, he consulted with the manufacturer to determine which paint to use. The specific product, Sherwin-Williams ArmorSeal 1000 HS Epoxy Part A and ArmorSeal HS Epoxy Part B, was recommended for the job by a Sherwin-Williams employee who visited Windsor Nissan to inspect the area.

On May 28, 2020, plaintiff's liability expert Scott Moore issued a report explaining that the Sherwin-Williams ArmorSeal made the floor unduly slippery because it was designed for use with an anti-slip additive that Benitez failed to

4

use. Benitez claimed he was unaware of the anti-slip additive, or that anything else needed to be added to the paint. The floor failed all wet and dry slip tests conducted by Moore during his September 17, 2019 site inspection. Defense counsel received Moore's report on June 9, 2020.

On June 15, 2020, Benitez moved for leave to assert a third-party complaint against Sherwin-Williams for claims of contribution and indemnification. Sherwin-Williams opposed the motion, alleging that Benitez engaged in "unexplainable and inexcusable delay" in joining Sherwin-Williams. The statute of limitations does not bar claims for contribution and indemnification, and on July 10, 2020, the judge granted the motion.

On August 17, 2020, plaintiff filed her second amended complaint. Plaintiff named Sherwin-Williams as a defendant and identified it as the "manufacturer, distributor, and/or seller . . . of its products, including a product believed to be a version of ArmorSeal." Prior to the response date for the second amended complaint, plaintiff filed her third amended complaint.[1]

---

[1] At the hearing on Sherwin-Williams' motion to dismiss, the parties disputed whether Sherwin-Williams received the second amended complaint. Sherwin-Williams did not file any responsive pleading until the motion to dismiss plaintiff's third amended complaint. The motion judge rejected plaintiff's argument that Sherwin-Williams lacked standing by not answering the second amended complaint. The issue of standing is not before us.

On November 12, 2020, plaintiff served her third amended complaint in which she asserted negligent product recommendation, failure to warn, and defective product claims against Sherwin-Williams. Plaintiff served the third amended complaint more than five years after her injury and three years after her first complaint.

On December 14, 2020, Sherwin-Williams moved to dismiss plaintiff's third amended complaint, arguing that plaintiff's negligence and product liability claims were barred by the statute of limitations under N.J.S.A. 2A:14-2(a). (67-68). Plaintiff contends that her defective product claim was timely under the fictitious pleading rule,[2] and her negligent product recommendation and failure-to-warn claims were timely under the discovery rule.[3] The judge denied Sherwin-Williams' motion to dismiss, concluding that plaintiff's claims were tolled under the discovery and fictitious party rules and related back under New Jersey third-party practice rules. On May 5, 2021, Sherwin-Williams moved for leave to appeal from the court's April 15, 2021 interlocutory order.

On appeal, Sherwin-Williams presents the following arguments for our consideration:

---

[2] Rule 4:26-4.

[3] Lopez v. Swyer, 62 N.J. 267 (1973).

A-2842-20

POINT I

APPELLATE REVIEW OF THE TRIAL COURT'S APRIL 15, 2021 ORDER IS WARRANTED IN THE INTEREST OF JUSTICE AND TO PREVENT IRREPARABLE INJURY TO SHERWIN WILLIAMS.

> 1. The Trial Court Failed to Properly Apply the Discovery Rule, Which Required Plaintiff to Exercise Due Diligence and Imposed a "Duty to Act."
>
> 2. The Law Division Improperly Applied the Fictitious Pleading Rule, Which Does Not Require the Identity of a Specific Defendant to Trigger the Accrual Date.
>
> 3. The Law Division Ignored New Jersey Supreme Court and Appellate Division Precedent By Allowing Plaintiff's Direct Claims Against Sherwin Williams to Relate Back to Its Original Complaint After Her Claims Expired.

Sherwin-Williams filed its motion to dismiss under Rule 4:6-2(e), asserting plaintiff's claims are barred by New Jersey's two-year statute of limitations.[4]  "The question as to whether a statute of limitations applies in a given case is ordinarily a legal matter and 'traditionally within the province of the court.'" Baez v. Paulo, 453 N.J. Super. 422, 436 (App. Div. 2018) (quoting Lopez, 62 N.J. at 274.).  In conducting our review, we consider the motion

---

[4]  N.J.S.A. 2A:14-2(a).

record and the legal issues de novo.  Id. at 435–36 (citing Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 349–50 (2016)).

At the outset, we agree with Sherwin-Williams that the judge misapplied the discovery rule to toll plaintiff's claims.  "The discovery rule is essentially a rule of equity." Lopez, 62 N.J. at 273.  "The Rule 'provides that in an appropriate case a cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he [or she] may have a basis for an actionable claim.'" Szczuvelek v. Harborside Healthcare Woods Edge, 182 N.J. 275, 281 (2005) (quoting Lopez, 62 N.J. at 272).  The critical inquiry is "whether the facts presented would alert a reasonable person exercising ordinary diligence that he or she was injured due to the fault of another.  The standard is basically an objective one — whether plaintiff 'knew or should have known' of sufficient facts to start the statute of limitations running."  Ibid. (quoting Martinez v. Cooper Hosp.-Univ. Med. Ctr., 163 N.J. 45, 52 (2000)).  Knowing "the specific identity of a potential defendant is not a requirement for commencing an action." Apgar v. Lederle Lab'ys, 123 N.J. 450, 456 (1991).

Applying these governing principles, we conclude that plaintiff's claims against Sherwin-Williams accrued no later than June 1, 2017, the date on which

8

she filed her initial complaint. Plaintiff's complaint alleged that she slipped and fell due to a slippery condition caused by something on the floor that had been applied by either or both Jimmy's Painting and Wizard's Car Detailing. Count Two of her complaint asserted claims against fictitious defendants who manufactured or designed the product on the floor or provided services in connection with its use. Thus, it is clear on the face of the complaint that the claims against Sherwin-Williams had accrued, as she understood that her injuries may have been caused, in part, by the product Benitez applied to the floor. To the extent the judge applied tolling to discrete theories of liability, such as negligent advice and failure to warn, that application was both incorrect and unnecessary. As the Court explained in Harr v. Allstate Ins. Co.,

> Where [an] amendment constitutes the same matter more fully or differently laid, or the gist of the action or the basic subject of the controversy remains the same, it should be readily allowed and the doctrine of relation back applied. It should make no difference whether the original pleading sounded in tort, contract or equity, or whether the proposed amendment related to the original or a different basis of action.
>
> [54 N.J. 287, 299–300 (1969) (internal citations omitted).]

Because plaintiff's newly pled failure to warn and negligent advice claims were merely alternative causes of action under the products liability umbrella

initially pled, it was error to set separate and later accrual dates for these claims based on later-learned facts. We reject, however, Sherwin-Williams's argument that the judge misapplied the fictitious pleading and relation back doctrine in finding plaintiff's claims timely.

"The fictitious pleading rule is the correct way for a litigant to preserve a cause of action when the litigant knows the nature of the claim but does not know the tortfeasor's identity." Dunn v. Borough of Mountainside, 301 N.J. Super. 262, 275 (App. Div. 1997). Our Supreme Court has construed Rule 4:26-4 to allow "a plaintiff who institutes a timely action against a fictitious defendant to amend the complaint after the expiration of the statute of limitations to identify the true defendant." Viviano v. CBS, Inc., 101 N.J. 538, 548 (1986). When this procedure is properly used, "an amended complaint identifying the defendant by its true name relates back to the time of filing of the original complaint." Baez, 453 N.J. Super. at 437 (quoting Viviano, 101 N.J. at 548).

Although the fictitious pleading rule allows a party to amend its complaint after the expiration of the statute of limitations, "case law has emphasized the need for plaintiffs and their counsel to act with due diligence in attempting to identify and sue responsible parties within the statute of limitations period." Id. at 438. Rule 4:26–4 may only be used by a plaintiff "if a defendant's true name

cannot be ascertained by the exercise of due diligence prior to filing the complaint." Claypotch v. Heller, Inc., 360 N.J. Super. 472, 479–80 (App. Div. 2003). In addition, a plaintiff must act with due diligence in taking prompt steps to substitute a defendant's true name, after becoming aware of that defendant's identity. Ibid.

We conclude the judge correctly determined that plaintiff correctly utilized the fictitious pleading practice thereby preserving her claims against Sherwin-Williams. Contrary to Sherwin-Williams's argument, she exercised due diligence to ascertain John Doe manufacturer's true identity both before and after instituting suit. Pre-suit, plaintiff had unsuccessfully made attempts to ascertain the identities of other potentially liable parties from the named defendants.[5] After filing suit, plaintiff promptly propounded uniform interrogatories on Benitez demanding the disclosure of any parties Benitez would blame for the occurrence of the accident. Benitez's sworn answer was "none." Despite his continuing obligation to update his responses, Benitez never amended his initial denial of knowledge of any other party with potential liability.

---

[5] It bears noting that if Benitez disclosed the use of Sherwin-Williams paint at that juncture, plaintiff likely would have filed the subject claim prior to the statute's expiration.

Plaintiff first learned Sherwin-Williams's true identity on July 12, 2019 when, during his deposition, Benitez unexpectedly produced previously undisclosed documents identifying Sherwin-Williams as the manufacturer of the paint used on the floor. More surprising, Benitez testified that a Sherwin-Williams actually met with him at the jobsite and recommended which paint to use. Prior to Benitez's deposition, as the judge found, plaintiff had no opportunity to learn of Sherwin-Williams's identity because, despite diligent inquiry, Benitez failed to disclose a fact that was uniquely in his possession.

We also agree with the judge that plaintiff took steps after the deposition to join Sherwin-Williams, and that it was reasonable to consult an expert to affirm there was a valid claim prior to joining Sherwin-Williams in the lawsuit. Moore conducted a site inspection less than two months after the deposition and issued his report on May 28, 2020, explaining that the Sherwin-Williams ArmorSeal Benitez used to paint the floor caused it to be unduly slippery because it was designed to be used with an anti-slip additive which Benitez failed to use. Plaintiff filed her second amended complaint on August 17, 2020, less than a month after the expert report issued. Thus, the record shows that any delay in joining Sherwin-Williams was attributable to Benitez's failure to disclose the facts, and not to any lack of diligence on plaintiff's part.

A-2842-20

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2842-20